**JUN DAN LEE, Petitioner,**

v.

**Alberto R. GONZALES, United States Attorney General, Respondent.**

No. 06–4878–ag.

United States Court of Appeals, Second Circuit.

Aug. 1, 2007.

Henry Zhang, New York, NY, for Petitioner.

Paula D. Silsby, United States Attorney for the District of Maine, William J. Schneider, Assistant United States Attorney, Portland, ME, for Respondent.

PRESENT: Hon. DENNIS JACOBS, Chief Judge, Hon. RICHARD J. CARDAMONE, and Hon. SONIA SOTOMAYOR, Circuit Judges.

### SUMMARY ORDER

Petitioner Jun Dan Lee, a citizen of China, seeks review of a September 28, 2006 order of the BIA affirming the April 21, 2005 decision of Immigration Judge ("IJ") Michael W. Straus denying Lee's application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In Re Jun Dan* *Lee,* No. A95 660 653 (B.I.A. Sept. 28, 2006), *aff'g* No. A95 660 653 (Immig. Ct. Hartford Apr. 21, 2005). We assume the parties' familiarity with the underlying facts and procedural history of the case.

Where, as here, the BIA summarily affirms the decision of the IJ without issuing an opinion, *see* 8 C.F.R. § 1003.1(e)(4), this Court reviews the IJ's decision as the final agency determination. *See, e.g., Twum v. INS,* 411 F.3d 54, 58 (2d Cir.2005); *Yu Sheng Zhang v. U.S. Dep't of Justice,* 362 F.3d 155, 159 (2d Cir.2004). This Court reviews the agency's factual findings, including adverse credibility determinations, under the substantial evidence standard. 8 U.S.C. § 1252(b)(4)(B); *see, e.g., Zhou Yun Zhang v. INS,* 386 F.3d 66, 73 & n. 7 (2d Cir.2004).

In the present case, the IJ's denial of relief is supported by substantial evidence. First, the inconsistencies between Lee's testimony and the transcript of her airport interview support the IJ's adverse credibility determination. Indeed, despite her later claim that she feared persecution and torture in China upon her arrival in this country, Lee stated during her airport interview that she did not fear returning to China. The IJ acknowledged, but did not find any merit in, Lee's claim that she gave false answers during the airport interview as a result of her fear that any criticism of the Chinese government would somehow be revealed to it. *See Yun–Zui Guan v. Gonzales,* 432 F.3d 391, 396–97 n. 6, 399 n. 8 (2d Cir.2005) (an applicant's mere recitation that she was nervous or felt pressured during an airport interview will not automatically prevent the IJ from relying on the interview for an adverse credibility determination as long as the IJ acknowledges and evaluates that explanation). The IJ did not have to credit this explanation. *See Majidi v. Gonzales,* 430 F.3d 77, 80–81 (2d Cir.2005).

Additionally, the IJ's reliance on the airport interview was not improper. The IJ reasonably found no merit in Lee's claim that, because she feared what would happen to her if she was detained in the United States, she told the immigration officials that she was willing to return to China. *See Majidi,* 430 F.3d at 80–81. No other issue is raised to challenge reliance on the airport interview. *See Ramsameachire v. Ashcroft,* 357 F.3d 169, 179–80 (2d Cir.2004) (setting forth the factors that this Court generally considers in determining the reliability of an airport interview record).

In light of our agreement with the IJ that the substantial inconsistencies between Lee's airport statement and her later application and testimony undermine her credibility, we need not review the remainder of the IJ's credibility findings other than to note that they provide further support for his denial of relief.

Because the only evidence of a future threat of persecution or torture depended upon Lee's credibility, the IJ's adverse credibility finding necessarily precludes success on her claims for asylum, withholding of removal, and CAT relief. *See Paul v. Gonzales,* 444 F.3d 148, 156–57 (2d Cir. 2006). Because Lee did not raise in her appeal to the BIA or in her present petition a claim based on her pregnancy and China's family planning policy, any such claim is deemed abandoned. *See Yueqing Zhang v. Gonzales,* 426 F.3d 540, 542 n. 1, 546 n. 8 (2d Cir.2005).

For the foregoing reasons, the petition for review is DENIED. The pending motion for a stay of removal in this petition is DISMISSED as moot.